**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY LYLE, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER PORTFOLIO SERVICES, INC.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO.: ___________<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## Nature of the Action

1. Timothy Lyle ("Plaintiff") brings this class action against Consumer Portfolio Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an artificial or prerecorded voice, without the prior express consent of the consumers.

**Jurisdiction**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a substantial part of the events giving rise to this action occurred in this District.

6. Defendant directed its prerecorded voice messages to Plaintiff in this District, and Plaintiff received Defendant's calls and prerecorded voice messages in this District.

**Parties**

7. Plaintiff is a natural person who at all relevant times resided in Villa Rica, Georgia.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a specialty finance company providing indirect automobile financing based in Irvine, California.

10. Defendant places outbound calls, in connection with which it uses an artificial or prerecorded voice, as part of its efforts to collect on past-due accounts.

11. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

12. Plaintiff is, and has been, the sole and customary user of cellular telephone number (XXX) XXX-4462.

13. In or around April 2026, Defendant began placing calls to telephone number (XXX) XXX-4462 related to an automobile loan.

14. Defendant's records will show all calls it made to telephone number (XXX) XXX-4462.

15. Defendant's calls utilized a prerecorded or artificial voice.

16. Plaintiff repeatedly told Defendant to stop calling him.

17. Despite Plaintiff's instructions to Defendant to stop calling him, Defendant continued to call him.

18. For example, Defendant placed a call to telephone number (XXX) XXX-4462 on August 6, 2026 at 11:56 am

19. Defendant placed a call to telephone number (XXX) XXX-4462 on August 7, 2026 at 8:54 am.

20. Defendant placed a call to telephone number (XXX) XXX-4462 on August 10, 2026 at 8:55 am.

21. Defendant placed a call to telephone number (XXX) XXX-4462 on August 11, 2026 at 9:18 am.

22. Defendant placed a call to telephone number (XXX) XXX-4462 on August 12, 2026 at 9:12 am.

23. Defendant used an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-4462.

24. During the calls described above, Defendant delivered the following artificial or prerecorded voice message:

> [inaudible] Portfolio Services about an important business matter. At 888-469-4520. Or text us at 66123. Chat is also available via our website www.consumerportfolio.com. Our regular business hours are Monday though Friday 5am to 5pm Pacific Time. Our offices may be closed on major holidays. Thank you.

25. Defendant placed calls to telephone number (XXX) XXX-4462 from at least the following telephone numbers: (888) 469-4520.

26. Defendant placed multiple calls to telephone number (XXX) XXX-4462 after Plaintiff requested that the calls stop.

27. Upon information and belief, Plaintiff should not have received any calls from Defendant because his preferences were set not to receive calls.

28. Defendant delivered, or attempted to deliver, multiple artificial or prerecorded voice messages to telephone number (XXX) XXX-4462 after Plaintiff requested that the calls stop.

29. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462.

30. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462 for non-emergency purposes.

31. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462 voluntarily.

32. Defendant placed the subject calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-4462 under its own free will.

33. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the calls it placed to telephone number (XXX) XXX-4462.

34. Plaintiff suffered actual harm as a result of Defendant's subject calls in connection with which it used an artificial or prerecorded voice, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

35. For example, Plaintiff spent time tending to the calls, including listening to the prerecorded voice messages Defendant played or delivered.

36. Plaintiff also spent time and effort attempting to have the calls stop.

37. Defendant's prerecorded messages also filled Plaintiff's voicemail, occupied the capacity of Plaintiff's cellular telephone, and depleted his battery.

38. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

39. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class and subclass of similarly situated individuals as defined below:

> **Class**: All persons and entities throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, (3) with an artificial or prerecorded voice, (4) after Defendant's records reflect that the called party requested no further calls or Defendant's records reflect that the called party's preferences in Defendant's records indicate that Defendant is not to call, (5) from four years prior to the date of this class action complaint through the date of class certification.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. The proposed class is so numerous that, upon information and good faith belief, joinder of all members is impracticable.

41. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

42. Given Defendant's status as a finance company that makes numerous outbound calls as part of its business operations, it stands to reason that the class will have thousands of members.

43. The proposed class is ascertainable because they are defined by reference to objective criteria.

44. In addition, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties, including class members.

45. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

46. Like all members of the proposed class, Plaintiff received artificial or prerecorded voice messages from Defendant, without his consent, in violation of 47 U.S.C. § 227.

47. Like all members of the proposed class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though he instructed Defendant not to call him.

48. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

49. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

51. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

52. There will be little difficulty in the management of this action as a class action.

53. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class and subclass.

54. Among the issues of law and fact common to the class and subclass are:

a. Defendant's violations of the TCPA as alleged in this class action complaint;

b. Defendant's use of an artificial or prerecorded voice in connection with its calls;

c. Defendant's practice of delivering artificial or prerecorded voice messages to cellular telephone numbers associated with individuals that instructed Defendant not to call; and

d. the availability of statutory damages.

55. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of Plaintiff and the Putative Class**

56. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, for non-emergency purposes and without his consent.

57. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the proposed class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 22, 2026.

Respectfully submitted,

/s/*John A. Love*
John A. Love
Georgia Bar No.: 459155
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, Georgia 30009
Tel: (404) 855-3600
Fax: (404) 301-2300
tlove@loveconsumerlaw.com

Max S. Morgan, Esquire*
Eric H. Weitz, Esquire*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com

*Counsel for Plaintiff and the proposed class*

(*motion for admission *pro hac vice* forthcoming)